**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

FILED
SEP 10 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | | |
|---|---|---|
| FAHAMME NATION OF NATIONS TRUST, SHEIK TEHUTI, Grantor and Trustee; and All Heirs of the W.M. DAWSON ESTATE, | § | |
| Plaintiffs, | § | JURY |
| v. | § | |
| RENE GABRIEL ZARAZUA; TITAN EQUITY, LLC; and HAROLD TODD JACKSON (Deceased), | § | Civil Action No. 6:26-cv-00319-JDK |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR DEFAULT FINAL JUDGMENT**
**AND MEMORANDUM IN SUPPORT**
**(Fed. R. Civ. P. 55(b)(2); Local Rule CV-7)**

**TO THE HONORABLE JEREMY D. KERNODLE, UNITED STATES DISTRICT JUDGE:**

Plaintiffs Fahamme Nation of Nations Trust and Sheik Tehuti, Grantor and Trustee (collectively, "Plaintiffs"), appearing pro se, move the Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule CV-7 for entry of a Default Final Judgment and Permanent Injunction against Defendants Rene Gabriel Zarazua, Titan Equity, LLC, and Harold Todd Jackson (Deceased) (collectively, "Defendants"), and in support respectfully show the Court the following:

## I. NATURE AND STAGE OF THE PROCEEDING

This is an action for damages and equitable relief arising from Defendants' scheme to seize the homestead and church headquarters of the Fahamme Nation of Nations Trust at 15702

County Road 1315, Malakoff (Crossroads), Henderson County, Texas 75148 (the "Property") through the recording of Warranty Deeds executed by persons who are not heirs of William M. Dawson, the voluntary payment of $7,500.00 in property taxes on a disputed account, the fabrication of a purported $200,000.00 debt, and the filing of a collection suit in state court by an attorney acting as debt collector, self-appointed fiduciary, and self-appointed arbiter of heirship. The Complaint (Dkt. 1) pleads eight grounds for relief: (I) constructive fraud; (II) violation of the Clearfield Doctrine; (III) deprivation of due process and civil rights under 42 U.S.C. § 1983; (IV) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g; (V) slander of title and fraudulent claims against real property under Texas Property Code § 12.002; (VI) civil RICO under 18 U.S.C. § 1964(c); defamation and identity theft; and violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.50, together with a claim for equitable reimbursement and unjust enrichment.

Each Defendant was served on July 11, 2026. The deadline to respond expired on August 3, 2026. No Defendant has answered, moved, appeared, or otherwise defended. Plaintiffs have requested the Clerk's entry of default under Rule 55(a), and now move for a Default Final Judgment under Rule 55(b)(2).

## II. STATEMENT OF THE ISSUE

Whether, upon Defendants' failure to plead or otherwise defend after proper service, the Court should enter a Default Final Judgment granting the declaratory, injunctive, and monetary relief demanded in the Complaint.

## III. FACTS ESTABLISHED BY DEFENDANTS' DEFAULT

By defaulting, Defendants have admitted the well-pleaded factual allegations of the Complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Those admitted facts, drawn from the Complaint and the Commercial Affidavit of Sheik Tehuti filed with it, are as follows:

1.Plaintiff Sheik Tehuti is the grandson of William M. Dawson and Lela Glen Dawson, the birth son of Flossie Dawson, adopted by her sister Fleater Dawson in 1947. He is a legal heir of the W.M. Dawson Estate and has been the homestead resident of the Property since 2008. The Warranty Deed into the Fahamme Nation of Nations Trust is of record in the Official Public Records of Henderson County, Texas. The Property is the headquarters and residence of the Fahamme Nation of Nations church. (Compl. ¶¶ 13, 17; Part VII; Tehuti Aff.)

2.Sheik Tehuti is also the Trustee of the Fahamme Nation of Nations Trust, a family trust that owns and manages the Property. (Compl. ¶ 14; Tehuti Aff.)

3.Defendant Rene Gabriel Zarazua is a licensed Texas attorney, State Bar No. 24077285, who has acted with respect to the Property as debt collector, grantee and procurer of Warranty Deeds, self-appointed fiduciary of the Dawson Estate, and self-appointed probate authority, and who is counsel of record for Titan Equity, LLC in Cause No. CV26-0208-173, 173rd Judicial District Court, Henderson County, Texas. (Compl. ¶¶ 2, 15, 42; Count III.)

4.Defendant Titan Equity, LLC is a Florida limited liability company whose business consists of purchasing purported fractional interests in heir property and tax-delinquent land from persons who are not heirs, and then asserting ownership and debt claims against the true owners. (Compl. ¶¶ 16, 26; Count VI.)

5.On July 12, 2025, Titan Equity, LLC caused to be recorded in the Official Public Records of Henderson County a Warranty Deed naming Harold Todd Jackson as Grantor of an

interest in the Property. Harold Todd Jackson is not a child of William M. Dawson, is not a relative, and is not an heir. (Compl. ¶¶ 17, 22.)

6.On December 9, 2025, Titan Equity, LLC caused to be recorded a Warranty Deed from Alven Dyne Green. Alven Dyne Green is not an heir or relative of William M. Dawson. (Compl. ¶ 18.)

7.On January 22, 2026, Titan Equity, LLC caused to be recorded a Warranty Deed from Antoinette O. Ewell. Antoinette O. Ewell is not an heir or relative of William M. Dawson. (Compl. ¶ 23.)

8.On April 13, 2026, Titan Equity, LLC caused to be recorded a Warranty Deed from Sharon Marie Jackson. Sharon Marie Jackson is not an heir or relative of William M. Dawson. (Compl. ¶ 24.)

9.None of the four Warranty Deeds (collectively, the "Titan Deeds") was signed by Sheik Tehuti, as Grantor or as Trustee. None was authorized by any probate court order, judicial order, Affidavit of Heirship from a legitimate heir, will, or power of attorney. Each contains a defective and inadequate property description. (Compl. Count I; Count II; Part VII.)

10.In support of the Titan Deeds, Defendants caused to be published on the public record an "Affidavit of Fact" concerning the identity of the heirs of William Dawson and Lela Glen Dawson that contains at least eleven false statements of fact regarding the Dawson family, including false statements that William M. Dawson and Lela Dawson had only five children, that Ressie is not Lela's daughter, and false places and dates of death for Sarah Dawson, Gary Don Hunter, Willie Mathes, Lela Mae, and Lea Glen Dawson. (Compl. Part VI, ¶¶ 1–11.)

11.Defendant Zarazua, without any court order, probate proceeding, Affidavit of Heirship, or authorization from any legal heir, made a voluntary online payment of $7,500.00 to the Henderson County Tax Office on a pending and disputed tax account for the Property, and thereafter asserted that payment as a basis for an ownership and debt claim against Plaintiffs. (Compl. ¶¶ 8, 25; Count I; Part VII.)

12.Defendants have asserted that Plaintiffs owe a debt of $200,000.00. No contract, promissory note, wet-ink instrument, probate order, or judicial order signed by Sheik Tehuti creating any such debt exists. Plaintiffs demanded validation of the purported debt, and Defendants failed to validate it. (Compl. ¶¶ 26, 30, 31; Count IV; Tehuti Aff.)

13.On April 24, 2026, Defendant Zarazua, as counsel for Titan Equity, LLC, filed a petition in Cause No. CV26-0208-173 in the 173rd Judicial District Court of Henderson County, Texas seeking to collect the purported debt and to enforce the Titan Deeds against Plaintiffs and the Property. (Compl. ¶¶ 28, 42; Exhibit A.)

14.As a result of Defendants' conduct, Plaintiffs have suffered a cloud on their title, exposure of their homestead and church headquarters to forced sale, the cost and burden of defending the state court action and prosecuting this action, and financial, social, and emotional injury. (Compl. ¶¶ 46, 48; Tehuti Aff.)

## IV. PROCEDURAL HISTORY AND DEFAULT

15.Plaintiffs filed the Complaint (Dkt. 1), together with the Commercial Affidavit of Sheik Tehuti and a Declaration of Venue, in this Court. Plaintiffs also filed a Notice of Related Case identifying Cause No. CV26-0208-173 and served a Notice of Constitutional Question on the Attorney General of Texas pursuant to Rule 5.1 and 28 U.S.C. § 2403(b).

16.The Clerk issued Summonses for each Defendant. On July 11, 2026, each Defendant was served with the Summons and Complaint by Certified Mail, Return Receipt Requested. The executed returns of service and Proof of Service are on file.

17.Under Rule 12(a)(1)(A)(i) and Rule 6(a)(1)(C), Defendants' answers were due no later than Monday, August 3, 2026.

18.No Defendant has answered, moved under Rule 12, appeared, sought an extension, or otherwise defended. See Declaration of Sheik Tehuti in Support of Motion for Default Final Judgment ("Tehuti Decl."), filed herewith.

19.Plaintiffs have filed their Request for Clerk's Entry of Default under Rule 55(a), supported by declaration. This Motion is filed contemporaneously so that, upon the Clerk's entry of default, the Court may proceed directly to judgment under Rule 55(b)(2).

## V. LEGAL STANDARD

Rule 55 establishes a two-step process. First, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a). Second, where the claim is not for a sum certain, the party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (describing entry of default, and default judgment as the final step).

In deciding whether to enter a default judgment, courts in the Fifth Circuit consider whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by good-faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would

think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Upon default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu*, 515 F.2d at 1206. The Court then determines whether those admitted facts state a legitimate basis for the relief requested. *Id.* The pleading standard is that of Rule 8: the complaint need only give the defendant fair notice of the claim and the grounds upon which it rests. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Finally, the Court determines the relief. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. 54(c). The Court may conduct a hearing when necessary to determine the amount of damages, Fed. R. Civ. P. 55(b)(2)(B), but no hearing is required where the amount claimed is capable of mathematical calculation or is established by detailed affidavits and documentary evidence. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## VI. ARGUMENT

### A.Entry of a Default Judgment Is Procedurally Warranted.

Every *Lindsey* factor supports judgment here.

20.**No material issues of fact remain.** Defendants have filed nothing. The well-pleaded facts of the Complaint are therefore admitted in their entirety, and there is no competing version of events for the Court to weigh.

21.**Defendants' silence has substantially prejudiced Plaintiffs.** Every day the Titan Deeds remain of record, the title to Plaintiffs' homestead and church headquarters remains clouded, and Plaintiffs remain exposed to the state-court collection suit that Defendants filed and then abandoned defending in this forum. Plaintiff Sheik Tehuti, a man over sixty-five years of age, is living under the threat of forced sale of his home and place of

worship on the strength of instruments Defendants will not come into this Court to defend.

22. **The grounds for default are clearly established.** Service on July 11, 2026 is documented by executed returns and signed return receipts. The August 3, 2026 deadline is fixed by Rule 12(a)(1)(A)(i) and Rule 6(a)(1)(C). Fifty-eight days have passed since service and thirty-five days since the deadline. Nothing has been filed.

23. **The default is not the product of good-faith mistake or excusable neglect.** Defendant Zarazua is a licensed Texas attorney who is, at this very moment, prosecuting Titan Equity, LLC's claims against these same Plaintiffs concerning this same Property in the 173rd Judicial District Court of Henderson County. He knows how to answer a lawsuit. He and his client have elected not to.

24. **A default judgment is not unduly harsh.** Defendants were told in the Summons, in the words prescribed by Rule 4(a)(1)(D), that if they failed to respond, judgment by default would be entered against them for the relief demanded in the Complaint. They received that warning and disregarded it. The relief sought is precisely the relief demanded in the Complaint, no more, and is tailored to the instruments and conduct pleaded.

25. **The Court would not be obliged to set the default aside.** Defendants have offered no explanation, no meritorious defense, and no showing of good cause under Rule 55(c). Nothing in the record suggests any basis on which relief from the default would be granted.

**B. The Admitted Facts Establish a Sufficient Basis for Judgment on Each Ground Pleaded.**

26. **Constructive Fraud (Count I).** Under Texas law, constructive fraud is the breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because

of its tendency to deceive others, to violate confidence, or to injure public interests. The admitted facts establish that Defendants, without authority, standing, or fiduciary power, executed and recorded instruments purporting to convey interests in the Property from persons who hold no interest, asserted ownership by virtue of a voluntary $7,500.00 tax payment, and fabricated a $200,000.00 debt with no underlying instrument. That conduct injures the public interest in the integrity of the county real property records and is fraudulent as a matter of law. See also Tex. Penal Code § 32.32.

27. **Violation of the Clearfield Doctrine (Count II).** The Complaint invokes *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), for the principle that commercial paper and instruments of title are governed by uniform federal common law when they implicate federal rights and instruments, and that a party who issues or negotiates such paper is held to the standards of a commercial actor rather than a sovereign. Defendants, having elected to act in a purely commercial capacity as grantee, lender, and debt collector, are bound by that doctrine and are entitled to no immunity, presumption, or authority they have not proven. They have proven none. The admitted facts establish that the Titan Deeds were recorded without any grantor holding an interest, without a probate or judicial order, and without an Affidavit of Heirship from any legitimate heir.

28. **Deprivation of Due Process and Civil Rights, 42 U.S.C. § 1983 (Count III).** The Complaint alleges, and Defendants admit, that Zarazua, a state-licensed attorney and officer of the state courts, invoked the machinery of the State of Texas, its county recording system and its district court, to deprive Plaintiffs of a protected property interest in their homestead without notice, hearing, probate, or judicial determination of heirship, in violation of the Due Process Clause of the Fourteenth Amendment. Private

parties who jointly engage with state officials or state procedures in the prohibited action act under color of law. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The admitted facts satisfy the elements of § 1983.

29. **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Count IV).** Zarazua, an attorney regularly collecting purported debts owed to another, is a "debt collector" under 15 U.S.C. § 1692a(6). *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). The admitted facts establish that Defendants falsely represented the character, amount, and legal status of a debt (§ 1692e(2)(A)); threatened to take action that cannot legally be taken, namely the forced sale of a protected homestead (§ 1692e(5)); used unfair and unconscionable means to collect (§ 1692f); and failed to validate the debt upon dispute (§ 1692g(b)). Each violation supports actual damages, statutory damages of up to $1,000.00, and costs under § 1692k(a).

30. **Fraudulent Claim Against Real Property and Slander of Title, Tex. Prop. Code § 12.002 (Count V).** Section 12.002(a) imposes liability on a person who makes, presents, or uses a document with knowledge that it is a fraudulent claim against real property, with intent that it be given the same legal effect as a valid instrument, and with intent to cause another to suffer financial injury or mental anguish. The four Titan Deeds and the false Affidavit of Fact are precisely such documents. Section 12.002(b) entitles Plaintiffs to the greater of $10,000.00 or actual damages, court costs, reasonable attorney's fees, and exemplary damages, for each such instrument. The same admitted facts establish the common-law elements of slander of title: publication of a false and malicious statement disparaging Plaintiffs' title, resulting in special damages.

31. **Civil RICO, 18 U.S.C. § 1964(c) (Count VI).** The admitted facts establish an enterprise, Titan Equity, LLC together with Zarazua and the non-heir grantors, engaged in a pattern of racketeering activity consisting of at least four related predicate acts over a period of nine months: the recording of four fraudulent instruments and the transmission of the false affidavit and demand for a fabricated debt through the mails and wires in furtherance of a scheme to defraud, in violation of 18 U.S.C. §§ 1341 and 1343. Those predicates are related in purpose, victim, and method, and pose a threat of continued activity. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–41 (1989). Plaintiffs were injured in their property by reason of the violation and are entitled to threefold damages, costs, and attorney's fees. 18 U.S.C. § 1964(c).

32. **Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.50.** The admitted facts establish a false, misleading, or deceptive act or practice committed knowingly and intentionally in connection with a transaction affecting Plaintiffs' residential real property, entitling Plaintiffs to economic damages, mental-anguish damages, and up to three times economic damages. Tex. Bus. & Com. Code § 17.50(b)(1).

33. **Defamation and Identity Theft.** The false Affidavit of Fact concerning the identity of the Dawson heirs, published in the public records, constitutes defamation per se in that it falsely represents Plaintiffs' family lineage and heirship, injures them in their standing and in their property, and was published with knowledge of its falsity.

34. **Equitable Reimbursement and Unjust Enrichment.** Defendants have obtained, or have positioned themselves to obtain, a benefit in the Property by fraud and the taking of undue advantage, and equity requires that any such benefit be disgorged and that Plaintiffs' title be restored free of the Titan Deeds.

**C.The Relief Requested Is Proper Under Rule 54(c) and the Complaint's Prayer.**

35.**Declaratory relief.** The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes the Court to declare the rights of the parties. An actual controversy exists concerning title to the Property. Plaintiffs are entitled to a declaration that the Titan Deeds and the Affidavit of Fact are void ab initio and of no legal effect; that neither Zarazua nor Titan Equity, LLC holds any right, title, lien, or interest in the Property or in the W.M. Dawson Estate; and that no debt of $200,000.00 or any other sum is owed by Plaintiffs to Defendants. (Compl. Prayer ¶¶ 1, 6, 7.)

36.**Permanent injunction.** A permanent injunction is warranted where the plaintiff has suffered irreparable injury, remedies at law are inadequate, the balance of hardships favors the plaintiff, and the public interest is not disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Land is unique, and the threatened loss of a homestead and place of worship is the paradigm of irreparable harm for which money cannot compensate. Defendants suffer no cognizable hardship from being restrained from recording fraudulent instruments and collecting a debt that does not exist. The public interest in accurate county land records and in the protection of homesteads guaranteed by Article XVI, Section 50 of the Texas Constitution is served, not disserved, by the injunction. Plaintiffs are entitled to an order under 28 U.S.C. § 2202 and Rule 65(d) permanently restraining Defendants and all persons in active concert with them from asserting, recording, transferring, or attempting to enforce any claim to the Property or any purported debt against Plaintiffs, and from further violations of Plaintiffs' due process and civil rights. (Compl. Prayer ¶¶ 2, 3.)

37.**Cancellation of instruments of record.** The Court has authority in equity to cancel and expunge void instruments clouding title and to direct that a certified copy of its judgment be recorded in the Official Public Records of Henderson County so that the record reflects the true state of title. (Compl. Prayer ¶ 7.)

38.**Monetary relief.** The Complaint demands $10,000,000.00 in actual, treble, and punitive damages together with all costs of court. (Compl. ¶ 12; Prayer ¶¶ 8–10.) A judgment in that amount does not differ in kind from, or exceed, the pleaded demand, and is therefore within Rule 54(c). The Tehuti Declaration filed herewith sets out the elements of that sum. Statutory components are fixed by law and require no hearing: $10,000.00 per instrument under Tex. Prop. Code § 12.002(b)(1) for each of the four Titan Deeds and the Affidavit of Fact; $1,000.00 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A); and trebling under 18 U.S.C. § 1964(c) and Tex. Bus. & Com. Code § 17.50(b)(1). To the extent the Court deems any portion of the damages to require further proof, Plaintiffs request that the Court set an evidentiary hearing under Rule 55(b)(2)(B) and enter judgment on the declaratory and injunctive relief forthwith, that relief being independent of the amount of damages.

39.**Costs and interest.** Plaintiffs are entitled to costs of court as the prevailing party, Fed. R. Civ. P. 54(d)(1), and to post-judgment interest at the rate provided by 28 U.S.C. § 1961 from the date of judgment until paid.

## VII. CONCLUSION

Based upon the knowledge he has acquired through his investigation of Defendants and Defendants' conduct, Plaintiff Sheik Tehuti, as Grantor and Trustee of the Fahamme Nation of Nations Trust, believes that the Default Final Judgment will effectively prevent future violations

of Plaintiffs' Due Process and Civil Rights by Defendants, without imposing any onerous burden on Defendants' ability to conduct any lawful and legitimate business. For the foregoing reasons, Plaintiffs respectfully request that the Court enter a judgment by default against Defendants Rene Gabriel Zarazua, Titan Equity, LLC, and Harold Todd Jackson (Deceased); declare the Titan Deeds and the Affidavit of Fact void and of no effect; enter a permanent injunction restraining Defendants from further violations of Plaintiffs' Due Process and Civil Rights and from asserting any claim to the Property or any debt against Plaintiffs; award Plaintiffs the sum of $10,000,000.00 as demanded in the Complaint, together with costs of court and post-judgment interest; and grant Plaintiffs such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

Sheik Tehuti
_______________________________

SHEIK TEHUTI, Grantor and Trustee
Fahamme Nation of Nations Trust
Plaintiff, Pro Se
Physical Address: 15702 County Road 1315, Malakoff (Crossroads), Texas 75148
Mailing Address: P.O. Box 154, Malakoff, Texas 75148
Telephone: (310) 429-4837
E-mail: bushrabalkis@gmail.com

Dated: September 7, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2026, a true and correct copy of the foregoing Plaintiffs' Motion for Default Final Judgment and Memorandum in Support, the Declaration of Sheik Tehuti in support thereof, and the [Proposed] Default Final Judgment and Permanent Injunction was served on the following by United States Certified Mail, Return Receipt Requested, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C):

Rene Gabriel Zarazua, Texas State Bar No. 24077285, at the address reflected in the executed return of service on file with the Clerk of this Court;

Titan Equity, LLC, c/o Matthew Pamfilis, Registered Agent, 1600 E. 8th Avenue, Suite A200, Tampa, Florida 33605; and

Harold Todd Jackson (Deceased), c/o the Estate of Harold Todd Jackson, at the address reflected in the executed return of service on file with the Clerk of this Court.

Sheik Tehuti ucc 1-308

SHEIK TEHUTI, Grantor and Trustee
Plaintiff, Pro Se