**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| FAHAMME NATION OF NATIONS TRUST,<br>SHEIK TEHUTI, Grantor and Trustee; and<br>All Heirs of the W.M. DAWSON ESTATE, | § | |
| Plaintiffs, | § | JURY |
| v. | § | |
| RENE GABRIEL ZARAZUA;<br>TITAN EQUITY, LLC; and<br>HAROLD TODD JACKSON (Deceased), | § | Civil Action No. 6:26-cv-00319-JDK |
| Defendants. | § | |

**DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION**

Before the Court is Plaintiffs' Motion for Default Final Judgment and Memorandum in Support (the "Motion"). Having considered the Motion, the Declarations and Commercial Affidavit of Sheik Tehuti, Plaintiffs' Original Federal Complaint for Damages and Equitable Relief (Dkt. 1) (the "Complaint"), the record, and the applicable law, the Court finds and orders as follows:

**FINDINGS**

1. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 18 U.S.C. § 1964(c), 42 U.S.C. § 1983, and 28 U.S.C. § 1367, and has personal jurisdiction over each Defendant. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because the real property that is the subject of this action is situated in Henderson County, Texas, and a substantial part of the events giving rise to the claims occurred here.

2.Defendants Rene Gabriel Zarazua, Titan Equity, LLC, and Harold Todd Jackson (Deceased), through the Estate of Harold Todd Jackson (collectively, "Defendants"), were each duly served with the Summons and Complaint on July 11, 2026 in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.Defendants' deadline to answer or otherwise respond to the Complaint expired on August 3, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i), 6(a)(1)(C). No Defendant has answered, moved, appeared, or otherwise defended this action. The Clerk has entered the default of each Defendant under Rule 55(a).

4.No Defendant is a minor or an incompetent person. No Defendant is in the military service of the United States. 50 U.S.C. § 3931.

5.By their default, Defendants have admitted the well-pleaded factual allegations of the Complaint. Those allegations establish a sufficient basis in the pleadings for the judgment entered herein on each of Plaintiffs' claims for constructive fraud; violation of the Clearfield Doctrine; deprivation of civil rights under 42 U.S.C. § 1983; violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, and 1692g; fraudulent claims against real property and slander of title under Texas Property Code § 12.002; civil RICO under 18 U.S.C. § 1964(c); violation of the Texas Deceptive Trade Practices Act; defamation; and unjust enrichment.

6.The factors set out in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), weigh in favor of entry of a default judgment. The relief awarded herein does not differ in kind from, or exceed in amount, the relief demanded in the Complaint. Fed. R. Civ. P. 54(c).

7.Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law, the balance of hardships favors Plaintiffs, and the public interest is served by the issuance of a permanent injunction.

**JUDGMENT**

It is therefore ORDERED, ADJUDGED, and DECREED that:

8.Plaintiffs' Motion for Default Final Judgment is GRANTED. Default Final Judgment is entered in favor of Plaintiffs Fahamme Nation of Nations Trust and Sheik Tehuti, Grantor and Trustee, and against Defendants Rene Gabriel Zarazua, Titan Equity, LLC, and Harold Todd Jackson (Deceased), jointly and severally.

9.**Declaratory relief.** Pursuant to 28 U.S.C. § 2201, the Court DECLARES that: (a) the Warranty Deed from Harold Todd Jackson to Titan Equity, LLC recorded July 12, 2025; the Warranty Deed from Alven Dyne Green to Titan Equity, LLC recorded December 9, 2025; the Warranty Deed from Antoinette O. Ewell to Titan Equity, LLC recorded January 22, 2026; and the Warranty Deed from Sharon Marie Jackson to Titan Equity, LLC recorded April 13, 2026, each in the Official Public Records of Henderson County, Texas, and each purporting to convey an interest in the real property located at 15702 County Road 1315, Malakoff (Crossroads), Henderson County, Texas 75148 (the "Property"), are VOID AB INITIO, are CANCELED, and are of no force or legal effect; (b) the "Affidavit of Fact" concerning the identity of the heirs of William M. Dawson and Lela Glen Dawson published by Defendants is FALSE, is VOID, and is of no force or legal effect; (c) neither Rene Gabriel Zarazua nor Titan Equity, LLC, nor any person claiming by, through, or under either of them, holds any right, title, lien, claim, or interest in or to the Property or in or to the Estate of William M. Dawson; (d) Harold Todd

Jackson, Alven Dyne Green, Antoinette O. Ewell, and Sharon Marie Jackson are not heirs of William M. Dawson and held no interest in the Property capable of conveyance; and (e) Plaintiffs owe no debt of $200,000.00, or of any other sum, to Rene Gabriel Zarazua or Titan Equity, LLC, and the claim of any such debt is without basis in law or fact.

10.**Permanent injunction.** Pursuant to 28 U.S.C. § 2202 and Rule 65(d), Defendants Rene Gabriel Zarazua and Titan Equity, LLC, and their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation with any of them who receive actual notice of this Judgment, are PERMANENTLY RESTRAINED AND ENJOINED from: (a) executing, recording, filing, or causing to be recorded in any county of the State of Texas any deed, affidavit of heirship, lien, notice, or other instrument purporting to convey, encumber, or affect title to the Property or any interest in the Estate of William M. Dawson; (b) asserting, demanding, collecting, or attempting to collect from Plaintiffs, or from any heir of William M. Dawson, the purported debt of $200,000.00 or any other sum arising from the matters alleged in the Complaint; (c) selling, transferring, assigning, or purporting to sell, transfer, or assign any interest in the Property or in the Titan Deeds; (d) entering upon, disturbing, or interfering with Plaintiffs' possession and quiet enjoyment of the Property; and (e) further depriving Plaintiffs of their rights to due process of law and to the protection of their homestead under the Fourteenth Amendment to the Constitution of the United States and Article XVI, Section 50 of the Constitution of the State of Texas.

11.**Recording.** The Clerk of this Court shall furnish to Plaintiffs a certified copy of this Judgment, which Plaintiffs are authorized to record in the Official Public Records of

Henderson County, Texas, and which, upon recording, shall serve as a muniment of title and as notice to all persons that the Titan Deeds and the Affidavit of Fact described in paragraph 9 are void and canceled.

12.**Damages.** Plaintiffs shall have and recover of and from Defendants Rene Gabriel Zarazua and Titan Equity, LLC, jointly and severally, the sum of TEN MILLION AND NO/100 DOLLARS ($10,000,000.00) in actual, statutory, treble, and exemplary damages as demanded in the Complaint.

13.**Costs and interest.** Plaintiffs shall recover all costs of court from Defendants, jointly and severally, to be taxed by the Clerk upon submission of a Bill of Costs under Local Rule CV-54. The sums awarded herein shall bear post-judgment interest at the rate provided by 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full, for which let execution issue.

14.**Related proceeding.** Defendants are ORDERED to file a certified copy of this Judgment in Cause No. CV26-0208-173, *Titan Equity, LLC v. Fahamme Nation of Nations Trust, et al.*, in the 173rd Judicial District Court of Henderson County, Texas, within ten (10) days of the date of this Judgment.

15.All relief not expressly granted herein is DENIED. This is a FINAL JUDGMENT that disposes of all parties and all claims and is appealable. Fed. R. Civ. P. 54(b), 58. The Court retains jurisdiction to enforce this Judgment and the permanent injunction entered herein.

So ORDERED and SIGNED this ______ day of ____________________, 2026.

______________________________

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE