**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **FAHAMME NATION OF NATIONS TRUST DBA SHEIK TEHUTI, BILLY R. TAYLOR, TRUSTEE, AND ALL HEIRS OF THE W.M. DAWSON ESTATE,** | § § § § § | |
| ***Plaintiff,*** | § | **CIVIL ACTION NO. 6:26-CV-319** |
| **vs.** | § § | |
| **RENE ZARAZUA, TITAN EQUITY, LLC, AND HAROLD TODD JACKSON (DECEASED),** | § § § | |
| ***Defendants.*** | | |

**DEFENDANT RENE ZARAZUA AND TITAN EQUITY, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12**

**[Relates to Doc. No. 1]**

Defendant Rene Zarazua and Titan Equity, LLC ("Titan") move to dismiss all claims asserted in Plaintiffs' Original Federal Complaint for Damages and Equitable Relief with prejudice under Federal Rule of Civil Procedure 12(b)(6).[1] The complaint is a sprawling, conclusory pleading that fails to state any plausible claim for relief. It also impermissibly seeks federal intervention in, and collateral review of, a pending state-court contribution action involving a local real-property tax contribution matter, which further warrants dismissal and abstention-based relief. Plaintiffs asserted federal theories lack

[1] Defendants have not yet been served in this matter. However, Defendants are filing this Motion to Dismiss because while the Plaintiffs have not served the Defendants, the Plaintiffs have moved default judgment.

essential elements and their requests to enjoin or overturn state-court processes run afoul of longstanding jurisdictional and comity limits.

## I. BACKGROUND

1. Plaintiffs are "Fahamme Nation of Nations Trust, DBA Sheik Tehuti," Billy R. Taylor (Trustee), and "All Heirs of the W.M. Dawson Estate." The complaint purports to assert counts or theories styled as: constructive fraud; violation of the "Clearfield Doctrine;" violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.; civil-rights violations under 42 U.S.C. § 1983; slander of title; and RICO, 18 U.S.C. § 1964, among other nonsensical Texas-law and federal references.

2. Plaintiffs allege that Titan (and/or its counsel in the state court action Rene Zarazua) recorded or relied upon certain warranty deeds concerning property associated with the W.M. Dawson Estate, paid $7,500 in property taxes online, and filed a petition in Henderson County District Court (Case No. CV26-0298-173) allegedly seeking "debt collect[ion]" or related relief.

3. It is true that Titan Equity, LLC owns a fractional interest in a piece of real estate and that Titan Equity, LLC paid the past-due property taxes on the property, and that after paying the taxes, on April 24, 2026, Titan Equity, LLC sued the other property owners in state district court for contribution in *Titan Equity, LLC v. Donahia T. Atwood, et al.*; in the 173rd Judicial District Court of Henderson County, Texas (the "State Court Lawsuit"). Plaintiffs then filed this federal lawsuit complaining about that process.

4. Plaintiffs seek sweeping declaratory and injunctive relief declaring defendants' recorded instruments void, enjoining enforcement of various statutes, vacating purported "agency actions," and demand $10,000,000 in damages and treble remedies. Plaintiffs' claims are nonsense.

5. Defendants have done a limited review of PACER filings by the Plaintiffs and have found several other cases filed by Plaintiffs wherein Courts have dismissed their meritless *pro se* lawsuits and have even warned them to cease filing such lawsuits or else sanctions would be imposed.[2]

## II. ARGUMENT

### A. Legal Standard

6. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

[2] *Tehuti v. Smith*, No. 3:21-CV-00370-X (BT), 2021 WL 2653520, at *1 (N.D. Tex. June 2, 2021), *report and recommendation adopted sub nom. SHEIK TEHUTI, Plaintiff, v. CRAIG SMITH, et al., Defendants.*, No. 3:21-CV-370-X (BT), 2021 WL 2652522 (N.D. Tex. June 28, 2021); *see also Tehuti v. Collie*, No. 21-10913, 2022 WL 14050020, at *1 (5th Cir. Oct. 24, 2022) (appeal DISMISSED as frivolous); *Estate v. Warren*, No. 6:18-CV-550, 2019 WL 8135306, at *3 (E.D. Tex. Aug. 20, 2019), report and recommendation adopted, No. 6:18-CV-00550, 2020 WL 1031030 (E.D. Tex. Mar. 3, 2020)(complaint dismissed as frivolous); *Tehuti v. Atmos Energy Corp*, No. 05–14–00913–CV, 2015 WL 4554367, at *1 (Tex. App.—Dallas July 29, 2015, pet. denied); *Tehuti v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 05-11-00449-CV, 2011 WL 3964573, at *1 (Tex. App.—Dallas Sept. 9, 2011, no pet.); *Tehuti v. Campbell*, No. 02-18-00060-CV, 2018 WL 3580903, at *1 (Tex. App.—Fort Worth July 26, 2018, no pet.); *Tehuti v. Raoufpur*, No. 05-17-00076-CV, 2017 WL 3431468, at *1 (Tex. App.—Dallas Aug. 10, 2017, no pet.); *Tehuti v. Ballas*, No. 05-15-00546-CV, 2016 WL 399063, at *1 (Tex. App.—Dallas Feb. 2, 2016, no pet.); *Tehuti v. Woodard*, No. 02-17-00395-CV, 2018 WL 1630765, at *1 (Tex. App.—Fort Worth Apr. 5, 2018, no pet.)

U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice." *Id.* (internal citations omitted).

**B. The Complaint fails to state any plausible claim for relief.**

7. All of Plaintiffs' claims fail to state any plausible claim for relief. Plaintiffs do not even recite threadbare allegations of the elements of their claims.

**a. Constructive fraud**

8. Plaintiffs' "constructive fraud" allegations rest on Plaintiffs complaint that Defendant Titan Equity, LLC paid property taxes that were due and owing and that Rene Zarazua "volunteered to act as Probate Court." Plaintiffs do not plead specific misrepresentations, who made them, when, to whom, or how Plaintiffs justifiably relied to their detriment. These conclusory allegations do not meet Rule 8's plausibility standard, much less Rule 9(b)'s particularity requirement for fraud-based claims. When alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9. This constructive fraud claim should be dismissed with prejudice.

**b. The "Clearfield Doctrine"**

9. The "Clearfield Doctrine" is not a cause of action and is inapplicable. Plaintiffs attempt to invoke *Clearfield Tr. Co. v. United States*, 318 U.S. 363, 364, 63 S. Ct. 573, 574, 87 L. Ed. 838 (1943) to claim federal common law governing "federal instruments" controls county land records and private warranty deeds, and they style this as a standalone "count." This is simply not true. *Clearfield* had to do with fraudulent

checks drawn on the Treasurer of the United States and endorsed to private businesses. That doctrine does not create a private cause of action against private parties recording deeds in county records and has no application to local real-estate transactions. The "Clearfield Doctrine" count should be dismissed with prejudice.

**c. Fair Debt Collections Practices Act**

10. FDCPA claim fails as a matter of law because "to state a claim under the FDCPA, Plaintiff[s] must show (1) that [they were] the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA. *Douglas v. Select Portfolio Servicing, Inc.*, No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015). Plaintiffs do not allege a consumer debt, Plaintiffs do not allege that Defendants are debt collectors as defined by the FDCPA, and Plaintiffs do not allege debt-collector conduct within the statute.

11. First, Plaintiffs assert FDCPA sections 1692d, 1692e, 1692f, and 1692g, but they identify no consumer transaction creating a personal, family, or household "debt," no obligation owed by Plaintiffs to Titan arising from a consumer credit transaction, and no dunning communications directed to them as consumers.

12. Second, Defendants are not "debt collectors." The FDCPA applies to "debt collectors" and defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts ... owed or due or asserted to be owed or due another." 5 U.S.C.A. § 1692a (West). The FDCPA defines a creditor as "any person who offers or extends credit creating

a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* "Pursuant to the 15 U.S.C. § 1692a(6), the term debt collector only applies to a creditor 'who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Ellis v. Pinckley*, No. CV 22-0345, 2022 WL 4491077, at *4 (W.D. La. Sept. 27, 2022). The Defendants are not debt collectors. The debt is owed directly to Titan Equity, LLC for contribution due from the payment of real property taxes and Rene Zarazua is Titan Equity, LLC's attorney assisting in prosecuting that lawsuit.

13. Third, Plaintiffs' Complaint alleges no act or omission prohibited by the FDCPA.

14. A state-court contribution petition arising from payment of property taxes on jointly owned real property is not consumer-debt collection covered by the FDCPA. The FDCPA claim should be dismissed with prejudice.

**d. Section 1983**

15. It is unclear what Plaintiffs are alleging as a claim under 42 USC 1983 claim, even so, it fails for lack of state action and other elements.

16. "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes County,* 354 F.3d 414, 420 (5th Cir.), *cert. denied,* 543 U.S. 829, 125 S.Ct. 153, 160 L.Ed.2d 44 (2004) (internal citations omitted). "For a private citizen . . . to be held

liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* (internal citations omitted). "[A] non-state actor may be liable under 1983 if the private citizen was a 'willful participant in joint activity with the State or its agents." *Id.* (quoting *Cinel v. Connick,* 15 F.3d 1338, 1343 (5th Cir.), *cert. denied,* 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994)). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* (internal citations omitted). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Id.* (internal citations omitted).

17. Here, Plaintiffs seem to allege 42 U.S.C. § 1983 violations based on a licensed attorney's and Titan's private conduct in real-estate and contribution matters, asserting "color of state law" by virtue of bar licensure and court filings. These are insufficient to meet the elements of a claim under 42 U.S.C. § 1983. Private parties, including attorneys representing clients and litigating in court, are not state actors merely by participating in litigation or being licensed. Plaintiffs also allege no specific constitutional deprivation plausibly traceable to state action. The § 1983 claim should be dismissed with prejudice.

**e. Slander of title**

18. Plaintiffs' slander of title claim is likewise conclusory and lacks required elements. "The elements of slander of title are (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale." *McLaughlin v. Wells Fargo*

*Bank, N.A.*, No. 4:12-CV-02658, 2013 WL 5231486, at *3 (S.D. Tex. Sept. 13, 2013) (citing *Williams v. Jennings,* 755 S.W.2d 874, 879 (Tex.App.—Houston [14th Dist.] 1988, writ denied and *Casey v. Fed. Home Loan Mortg. Assoc.*, Civ. A. No. H–11–3830, 2012 WL 1425138, *5 (S.D.Tex. Apr.23, 2012)).

19. Plaintiffs contend that recording instruments in county records constituted "slander of title," but they plead no facts establishing falsity of a disparaging statement made with malice, special damages proximately caused, or that any identified instrument was legally false as to Plaintiffs' title, or loss of a specific sale. Conclusory assertions that deeds are "invalid" do not state a slander-of-title claim.

**f. RICO**

20. Plaintiffs' RICO claim is inadequately pled and implausible. "Pursuant to § 1964, a civil RICO plaintiff must show (1) a violation of § 1962, (2) an injury to his or her business or property, and (3) that such injury was proximately caused by a RICO violation." *Lewis v. Danos*, 83 F.4th 948, 956 (5th Cir. 2023) (citing *Cullom v. Hibernia Nat'l Bank*, 859 F.2d 1211, 1214-1215 (5th Cir. 1988)).

21. Plaintiffs recite "RICO" and allege a supposed pattern of racketeering based on recording deeds, paying taxes, and filing a state lawsuit, but they identify no enterprise, no predicate racketeering acts with particularity, no continuity, and no concrete RICO injury to business or property. Such litigation and property-record activities are not RICO predicates, and the claim fails as a matter of law.

**g. Various other statutory references do not create actionable claims here.**

22. The complaint also cites numerous statutes including the Texas DTPA, Penal Code provisions, Texas commercial code sections, and federal administrative-law provisions (5 U.S.C. § 706; 28 U.S.C. §§ 1361, 2201–2202) while seeking to "vacate unlawful agency action," but Plaintiffs identify no "agency" action reviewable under the APA, no consumer-transaction nexus under the DTPA, and no private right of action under penal statutes. In an abundance of caution, should these references be interpreted as claims for relief, Defendants object because these references do not supply a plausible claim and should be dismissed with prejudice.

**C. Abstention and jurisdictional doctrines independently warrant dismissal.**

23. Plaintiffs ask this Court to declare county-recorded deeds "void," to "vacate" actions connected to the state proceeding, and to enjoin consequences flowing from Titan's contribution action filed in the State Court Lawsuit. To the extent Plaintiffs seek review or rejection of state-court rulings, the Court should decline to exercise jurisdiction under the *Younger* abstention doctrine.

24. *Younger* abstention applies to ongoing state proceedings implicating important state interests with adequate opportunity to raise federal issues. "In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d

712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

25. Here, Plaintiffs acknowledge an ongoing state-court case concerning property interests and contribution among co-owners in Henderson County. In fact, in the State Court Lawsuit, Plaintiffs have asserted many of the same claims they now assert in this case. For example, Plaintiffs have alleged the "Clearfield doctrine," slander of title, fair debt collection, constructive fraud, as well as purported constitutional violations. *See* Exhibit A – Counter Claim Petition filed in State Court Lawsuit. Texas has a strong interest in adjudicating real-property, title, and tax-contribution disputes in its courts, and Plaintiffs can raise their defenses and claims there. Abstention is appropriate.

**D. A non-attorney cannot represent a trust or other persons; therefore, all claims brought on behalf of the trust and "all heirs" must be dismissed or the parties ordered to retain counsel.**

26. It is a settled rule in federal court that artificial entities, including trusts to the extent they are treated as separate juridical entities, cannot appear pro se and must be represented by licensed counsel. "A corporation can appear in a court of record only by an attorney at law." *United States ex rel. Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 794 (E.D. Tex. 2023) (quoting *Paradise Vill. Children's Home Inc. v. Liggins*, 78 F. App'x 930, 931–32 (5th Cir. 2003)).

27. Here, the pleading purports to assert claims by "Fahamme Nation of Nations Trust, DBA Sheik Tehuti." The Complaint lists "Fahamme Nation of Nations Trust, DBA Sheik Tehuti" as a named plaintiff and states that the lawsuit is filed "by Plaintiffs Fahamme Nation of Nations Trust, DBA Sheik Tehuti, and Billy R. Taylor, Trustee, Pro

Se." Because a non-lawyer cannot represent an artificial entity, all claims purportedly asserted on behalf of the trust cannot proceed absent appearance by licensed counsel admitted to this Court.

28. Likewise, a non-attorney litigant may not represent other natural persons, beneficiaries, heirs, or an unincorporated group. The Complaint also purports to assert claims by "All Heirs of the W.M. Dawson Estate." Mr. Taylor and/or "Sheik Tehuti," as non-lawyers proceeding *pro se*, cannot prosecute claims on behalf of other individuals described collectively as "All Heirs," nor can they act as representative counsel for any putative class or group. A *pro se* litigant cannot represent the interests of another person as their attorney. *Woods v. Wells Fargo Home Mortgage*, No. 3:26-CV-373-S-BW, 2026 WL 885209, at *1 (N.D. Tex. Mar. 16, 2026), report and recommendation adopted sub nom. *Woods v. Wells Fargo Home Mortgage, N.A.*, No. 3:26-CV-0373-S-BW, 2026 WL 885047 (N.D. Tex. Mar. 31, 2026).

**E. Conclusion**

29. For the reasons set forth above, Titan Equity respectfully requests that the Court:

(a) Grant Titan Equity's motion and dismiss Plaintiffs' Complaint for failure to state a claim;

(b) Dismiss without prejudice all claims asserted on behalf of the Fahamme Nation of Nations Trust and all claims asserted on behalf of "All Heirs of the W.M. Dawson Estate," or alternatively order those putative parties to obtain counsel and file an amended complaint signed by counsel by within fourteen (14) days with failure to comply resulting in dismissal without prejudice; and

(c) Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Shackelford, McKinley & Norton, LLP**

By:_________________________________
Nathan A. Vrazel – Counsel in Charge
State Bar No. 24108402
Federal Bar No. 3779787
nvrazel@shackelford.law
717 Texas Ave., 27th Floor
Houston, Texas 77002
(832) 415-1801 Telephone
(832) 565-9030 Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 14, 2026, a true and correct copy of the foregoing was served on all counsel of record in this lawsuit, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

/s/ *Nathan A. Vrazel*
Nathan A. Vrazel

4902-6119-5728, v. 1