**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

FILED

SEP 28 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | | |
|---|---|---|
| **FAHAMME NATION OF NATIONS TRUST,**<br>Grantor Sheik Tehuti, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>**RENE GABRIEL ZARAZUA; TITAN EQUITY, LLC; and HAROLD TODD JACKSON (Deceased),**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:26-cv-00319-JDK<br><br>**JURY** |

**PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

TO THE HONORABLE JEREMY D. KERNODLE, UNITED STATES DISTRICT JUDGE:

Plaintiff Fahamme Nation of Nations Trust, appearing through its Grantor and Trustee, Sheik Tehuti, respectfully moves the Court under 28 U.S.C. § 1915(e)(1), the Court's inherent authority, and the Due Process Clause of the Fifth Amendment to appoint counsel to represent the Trust in this action, or, in the alternative, to refer this matter to the Court's pro bono panel or to the Eastern District of Texas Bar for the identification of volunteer counsel. In support, Plaintiff shows the following:

## I. INTRODUCTION

**1.** This case concerns title to real property that has been in the W.M. Dawson family for generations and that is now clouded by four recorded warranty deeds executed by persons who are not heirs of the Dawson Estate. The stakes are the loss of a family homestead. The

Trust that holds the family's interest cannot afford to retain counsel at market rates, and its Trustee, Sheik Tehuti, is not a lawyer.

**2.** Defendants are represented by a licensed Texas attorney, Rene Gabriel Zarazua (State Bar No. 24077285), who is also a named defendant and who has filed a Motion to Dismiss on behalf of Defendants. The imbalance between the parties is therefore not merely one of resources but of professional training: the opposing party is itself a lawyer.

## II. THE STATUTORY BASIS FOR APPOINTMENT

**3.** Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Fifth Circuit has held that a district court should appoint counsel in a civil case when "exceptional circumstances" are present, and it has identified the factors that guide that determination: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting the case; (3) whether the litigant is in a position to investigate the case adequately; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) whether appointment of counsel would be a service to the litigant and the court by sharpening the issues, shaping the examination of witnesses, and shortening the trial. Ulmer v. Chancellor, 691 F.2d 209, 212–13 (5th Cir. 1982); Parker v. Carpenter, 978 F.2d 190, 193 (5th Cir. 1992); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).

**4.** In Naranjo v. Thompson, 809 F.3d 793 (5th Cir. 2015), the Fifth Circuit went further and held that where exceptional circumstances exist and the court has been unable to secure volunteer counsel, the district court possesses inherent power to compel an attorney to accept an appointment. Id. at 801–04. The court explained that this authority exists because

the judiciary must be able to ensure that civil litigants with meritorious claims are not denied the ability to present them. Id.

## III. EVERY ULMER FACTOR SUPPORTS APPOINTMENT

5. Complexity. This case joins claims under federal statutes (the FDCPA, 42 U.S.C. § 1983, and RICO) with Texas real-property doctrines of constructive fraud and slander of title, a deceased defendant requiring substitution under Rule 25(a), a parallel state proceeding in the 173rd Judicial District Court of Henderson County (Cause No. CV26-0208-173), and a defense that is being conducted by a lawyer-defendant. A pending Motion to Dismiss will require briefing on jurisdiction, pleading standards, and the interplay between the state and federal proceedings. This is not a simple case.

6. Capacity to present the case. Sheik Tehuti has no legal training. He has done what a diligent layperson can do — he has assembled the recorded deeds, prepared a complaint modeled on a pleading this Court previously sustained, and served the Defendants. But he cannot be expected to brief Rule 12(b)(6) standards, take and defend depositions, or examine witnesses at trial with the skill that the opposing lawyer will bring. Critically, the Trust itself, as an entity, cannot appear without licensed counsel under 28 U.S.C. § 1654. Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004). Without counsel, the Trust's claims may never be reached on the merits at all, no matter how strong they are.

7. Ability to investigate. The transactions at issue were structured by a licensed attorney and a Florida limited liability company with no Texas presence. Investigating them will require subpoenas to title companies and notaries, discovery from a Florida entity, and tracing of

the chain of title through the Henderson County records. A pro se Trustee working from a post office box in Malakoff cannot conduct that investigation on equal terms.

**8.** Conflicting testimony. The central factual questions — who the true heirs of the Dawson Estate are, what the grantors of the four deeds knew about their own lack of interest, and what representations were made to the Trust and to the county — will be resolved through witness testimony that Defendants will contest. Cross-examination of a lawyer-defendant and of parties who signed deeds to property they did not own demands professional skill.

**9.** Service to the litigant and the Court. Appointed counsel would sharpen the issues, frame the response to the Motion to Dismiss in the form the Court expects, cure the § 1654 representation problem, and shorten every subsequent stage of the case. That benefits not only Plaintiff but the Court and, candidly, the Defendants, who would face an organized adversary rather than one whose filings the Court must liberally construe.

## IV. THE CONSTITUTIONAL DIMENSION

**10.** Plaintiff acknowledges that the Sixth Amendment right to appointed counsel applies to criminal prosecutions and that there is no automatic right to appointed counsel in a civil case. Lassiter v. Department of Social Services, 452 U.S. 18, 26–27 (1981). But Lassiter itself holds that the Due Process Clause can require appointment of counsel in civil proceedings when the balance of the private interest at stake, the risk of an erroneous decision without counsel, and the government's countervailing interest so dictates. Id. at 27 (applying Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).

**11.** Each of those considerations favors appointment here. The private interest is the loss of real property — a family homestead — which the Supreme Court has long treated as an interest of the highest order under the Due Process Clause. See Fuentes v. Shevin, 407 U.S.

67, 80–82 (1972); Boddie v. Connecticut, 401 U.S. 371, 377 (1971). The risk of an erroneous outcome without counsel is acute: the entity Plaintiff cannot appear at all without a lawyer, the opposing party is a lawyer, and a dispositive motion is pending. The countervailing interest is minimal: the Court is asked only to request that a member of its bar accept an appointment, and § 1915(e)(1) expressly contemplates that request.

**12.** The right of access to the courts, grounded in the First Amendment's Petition Clause and the Due Process Clauses, is a right to a real and not merely a formal opportunity to present a claim. Christopher v. Harbury, 536 U.S. 403, 415 & n.12 (2002); Bounds v. Smith, 430 U.S. 817, 822–25 (1977). And the Seventh Amendment right to a jury trial, which Plaintiff has demanded, is hollow if the claims are dismissed before trial because the party asserting them lacked the professional representation the law requires it to have. Where the law itself demands that an entity speak only through counsel, and the entity cannot afford counsel, due process is implicated in the Court's decision whether to help it obtain counsel.

## V. PLAINTIFF'S EFFORTS TO OBTAIN COUNSEL

**13.** Plaintiff has not been idle. Sheik Tehuti has contacted attorneys in the Dallas–Fort Worth and Henderson County areas seeking representation on a contingent or reduced-fee basis. On September 24, 2026, one licensed attorney agreed to review the pleadings on file and evaluate whether to enter an appearance; that review is ongoing and no engagement has yet been confirmed. Plaintiff files this Motion so that, if that engagement does not materialize, the Court will already have before it the request and the record needed to act under § 1915(e)(1) and Naranjo. Plaintiff will promptly notify the Court if private counsel appears, at which point this Motion may be denied as moot.

**14.** Sheik Tehuti's declaration regarding the Trust's financial circumstances and inability to pay for counsel is submitted with this Motion as Exhibit A.

## VI. RELIEF REQUESTED

**15.** Plaintiff respectfully requests that the Court: (a) find that exceptional circumstances exist under Ulmer v. Chancellor and its progeny; (b) request, pursuant to 28 U.S.C. § 1915(e)(1), that a member of the bar of this Court represent the Fahamme Nation of Nations Trust in this action, or, in the alternative, refer this matter to the Court's pro bono or volunteer-attorney program for the identification of such counsel; (c) stay Plaintiff's deadline to respond to Defendants' Motion to Dismiss until thirty days after counsel appears; and (d) grant such other and further relief to which Plaintiff may be justly entitled.

Dated: September 28, 2026

Respectfully submitted,

[signature]

**Sheik Tehuti, Grantor and Trustee**
Fahamme Nation of Nations Trust
P.O. Box 154
Malakoff, Texas 75148
Telephone: (310) 429-4837
Email: bushrabalkis@gmail.com
Plaintiff, appearing pro se pending retention of counsel

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), Plaintiff certifies that Plaintiff contacted counsel of record for Defendants by email regarding the relief requested in this Motion for Appointment of Counsel and requested Defendants' position. As of the filing of this Motion, Defendants have not indicated that the Motion is unopposed. The Motion is therefore submitted as opposed, and Plaintiff will promptly notify the Court if Defendants later advise that they do not oppose it.

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, a true and correct copy of the foregoing Motion for Appointment of Counsel, together with the proposed order, was served on all counsel of record and parties through the Court's CM/ECF system and by first-class United States Mail, postage prepaid, in accordance with Federal Rule of Civil Procedure 5(b).

Sheik Tehuti, Grantor and Trustee