**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

FILED
SEP 28 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | | |
|---|---|---|
| **FAHAMME NATION OF NATIONS TRUST,** Grantor Sheik Tehuti, Trustee, | § | |
| Plaintiff, | § | Civil Action No. 6:26-cv-00319-JDK |
| v. | § | **JURY** |
| **RENE GABRIEL ZARAZUA; TITAN EQUITY, LLC; and HAROLD TODD JACKSON (Deceased),** | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR CONTINUANCE AND EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JEREMY D. KERNODLE, UNITED STATES DISTRICT JUDGE:

Plaintiff Fahamme Nation of Nations Trust, appearing through its Grantor and Trustee, Sheik Tehuti, respectfully moves the Court under Federal Rule of Civil Procedure 6(b)(1)(A) and the Court's inherent authority to manage its docket for a continuance and a thirty (30) day extension of the deadline to respond to Defendants' Motion to Dismiss filed September 15, 2026, and for a corresponding continuance of any hearing or submission date on that motion. This Motion is filed before the response deadline expires, and it is Plaintiff's first request for an extension of any deadline in this case. In support, Plaintiff shows the following:

## I. BACKGROUND

1. Plaintiff filed this action to remedy the transfer of the property located at 15702 County Road 1315, Malakoff (Crossroads), Henderson County, Texas 75148 through four

recorded warranty deeds executed by persons who are not heirs of the W.M. Dawson Estate. Plaintiff asserts claims for constructive fraud, violation of the Clearfield Doctrine, slander of title, violations of the Fair Debt Collection Practices Act, 42 U.S.C. § 1983, and related federal and state claims.

**2.** Defendants were served on July 11, 2026. Their answer deadline under Rule 12(a)(1)(A)(i) passed on August 3, 2026, without any response. Plaintiff prepared a request for entry of default and a motion for default judgment. Defendants then filed a Motion to Dismiss on September 15, 2026.

**3.** Under Local Rule CV-7(e), Plaintiff's response to the Motion to Dismiss is due fourteen days after service, on or about September 29, 2026. This Motion is filed before that deadline.

**4.** Sheik Tehuti is not a lawyer. On September 24, 2026, Plaintiff located a licensed attorney who has agreed to review the pleadings on file and evaluate entering an appearance on behalf of the Trust. That attorney has requested the filed documents and time to review them before making an appearance. A thirty-day extension will allow that review to be completed and, if the engagement is confirmed, will allow licensed counsel to prepare and file the response to the Motion to Dismiss.

## II. GOOD CAUSE EXISTS UNDER RULE 6(b)(1)(A)

**5.** When a motion to extend is made before the original deadline expires, Rule 6(b)(1)(A) permits the Court to extend the time "for good cause." Fed. R. Civ. P. 6(b)(1)(A). The good-cause standard for a timely request is not demanding; the more stringent "excusable neglect" standard applies only to requests made after a deadline has passed. Fed. R. Civ. P. 6(b)(1)(B). The Federal Rules are to be "construed, administered, and employed by the

court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

**6.** Good cause is plainly present here. First, this is Plaintiff's first request for additional time on any deadline. Second, the request is short — thirty days — and is tied to a concrete purpose: allowing licensed counsel to review the file and enter an appearance. Third, the request is made in good faith and not for delay; Plaintiff has been the party pressing this case forward, having prepared default papers when Defendants failed to answer. Fourth, Defendants themselves let their own answer deadline pass by more than six weeks before filing anything, and they cannot credibly claim prejudice from a thirty-day extension.

**7.** The extension will also serve the Court's interest in an orderly proceeding. The Trust is a legal entity, and this Court has recognized that entities generally must appear through licensed counsel under 28 U.S.C. § 1654. See Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004). The proper remedy when an entity appears without counsel is to afford it a reasonable opportunity to retain counsel, not to dismiss its claims outright. See Memon, 385 F.3d at 873–74. Plaintiff is actively curing that very issue, and the requested extension is the mechanism by which it will be cured. A brief extension now avoids the waste of a response drafted by a non-lawyer that counsel would later need to supplement or amend.

## III. THE CONSTITUTION REQUIRES A MEANINGFUL OPPORTUNITY TO BE HEARD

**8.** The Due Process Clause of the Fifth Amendment guarantees that a party whose property interests are at stake in a federal proceeding receives "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333

(1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). A response to a dispositive motion is the point in this case at which that opportunity is either real or illusory. Requiring a non-lawyer Trustee to respond to a professionally drafted motion to dismiss in fourteen days, while the entity he represents is in the process of securing counsel, risks reducing the hearing to a formality. A thirty-day extension costs the Court and Defendants little and preserves the substance of the right.

**9.** The Constitution likewise protects the right of access to the courts, which the Supreme Court has located in the Petition Clause of the First Amendment, the Privileges and Immunities Clause of Article IV, and the Due Process Clauses of the Fifth and Fourteenth Amendments. Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002); see also BE&K Constr. Co. v. NLRB, 536 U.S. 516, 525 (2002) (the right to petition extends to the courts); Boddie v. Connecticut, 401 U.S. 371, 377 (1971) (due process requires a meaningful opportunity to be heard before the courts adjudicate rights in property). That right is protected in practice by procedural rulings that give a litigant a fair chance to present his case, and the Supreme Court has instructed that pleadings and filings by unrepresented parties are to be held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**10.** The Seventh Amendment secures Plaintiff's right to a jury trial on its legal claims, which Plaintiff has demanded. That right is meaningful only if the case survives to trial on its merits. Where a modest extension of time is the difference between a merits determination and a dismissal on procedural grounds, the constitutional preference for adjudication on the merits weighs decisively in favor of the extension. See Foman v. Davis, 371 U.S. 178,

181–82 (1962) (the Federal Rules reject the approach that pleading is a game of skill; cases should be decided on their merits).

**11.** Plaintiff does not contend that the Constitution compels a continuance in every case. Plaintiff contends only that, where — as here — the request is timely, the request is the first of its kind, the delay is brief, no prejudice will result, and the purpose is to secure licensed counsel so that a real defense of the claims can be presented, due process and the right of access to the courts strongly counsel in favor of granting it.

## IV. NO PREJUDICE TO DEFENDANTS

**12.** Defendants will suffer no cognizable prejudice. No scheduling order has issued. No discovery deadlines are pending. Defendants were themselves in default for more than six weeks before filing their motion. A thirty-day extension of Plaintiff's response deadline is shorter than the delay Defendants have already introduced through their own inaction.

## V. RELIEF REQUESTED

**13.** Plaintiff respectfully requests that the Court: (a) grant a continuance and extend Plaintiff's deadline to respond to Defendants' Motion to Dismiss by thirty (30) days, through and including October 29, 2026; (b) continue any hearing or submission date on the Motion to Dismiss accordingly; (c) take no action on the Motion to Dismiss until the extended response deadline has passed; and (d) grant Plaintiff such other and further relief to which it may be justly entitled.

Dated: September 28, 2026

Respectfully submitted,

Sheik Tehuti

**Sheik Tehuti, Grantor and Trustee**

Fahamme Nation of Nations Trust
P.O. Box 154
Malakoff, Texas 75148
Plaintiff, appearing pro se pending retention of counsel

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), Plaintiff certifies that Plaintiff contacted counsel of record for Defendants by email regarding the relief requested in this Motion for Continuance and Extension of Time and requested Defendants' position. As of the filing of this Motion, Defendants have not indicated that the Motion is unopposed. The Motion is therefore submitted as opposed, and Plaintiff will promptly notify the Court if Defendants later advise that they do not oppose it.

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, a true and correct copy of the foregoing Motion for Continuance and Extension of Time, together with the proposed order, was served on all counsel of record and parties through the Court's CM/ECF system and by first-class United States Mail, postage prepaid, in accordance with Federal Rule of Civil Procedure 5(b).

Sheik Tehuti
Sheik Tehuti, Grantor and Trustee