**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| FAHAMME NATION OF NATIONS TRUST, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-319-JDK |
| | § | |
| RENE ZARAZUA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiffs' motion for default judgment (Docket No. 6), motion to appoint counsel (Docket No. 8), and motion for extension of time to file a response (Docket No. 9); and Defendants Titan Equity, LLC, and Rene Zarazua's motion to dismiss (Docket No. 7). Having reviewed the filings and the record in the case, the Court resolves these motions as follows:

Plaintiffs' motion for default judgment (Docket No. 6) is **DENIED**. *See, e.g.*, *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1999) (requiring entry of default by the clerk before a plaintiff may move for a default judgment).

Plaintiffs' motion for appointment of counsel (Docket No. 8) is **DENIED**. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1983) ("exceptional circumstances" are required for appointment of counsel in civil cases (quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982))).

Further, an artificial entity cannot appear pro se, *see, e.g.*, *United States* ex rel. *Proctor v. Next Health LLC*, 652 F. Supp. 3d 788, 794 (E.D. Tex. 2023); nor can a pro

se litigant represent another person, *see, e.g.*, *Woods v. Wells Fargo Home Mortg.*, 2026 WL 885209, at *1 (N.D. Tex. Mar. 16, 2026), report and recommendation adopted sub nom. *Woods v. Wells Fargo Home Mortg., N.A.*, 2026 WL 885047 (N.D. Tex. Mar. 31, 2026). And "[i]n an Article III court, a non-attorney trustee may not represent a trust pro se." *Dillard Fam. Tr. v. Chase Home Fin., LLC*, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) (collecting cases). Accordingly, Plaintiffs are **ORDERED** to obtain counsel by **October 30, 2026**. Plaintiffs are further **ORDERED** to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Court's Local Rules, and to serve the amended complaint on Defendants by **October 30, 2026**. Failure to comply with this Order will result in dismissal of the case.

The Court notes that several other courts have dismissed prior cases filed by Plaintiffs as frivolous and have warned Plaintiffs that further filings could lead to sanctions. *See, e.g.*, *Tehuti v. Smith*, 2021 WL 2653520, at *1 (N.D. Tex. June 2, 2021), report and recommendation adopted, 2021 WL 2652522 (N.D. Tex. June 28, 2021) (dismissing lawsuit filed by Fahamme's trustee and warning him "again" that the court "could sanction him if he persists in filing frivolous lawsuits."). The Court will likewise dismiss this case and consider sanctions if an appropriate pleading is not filed as ordered herein.

Finally, Defendants' motion to dismiss (Docket No. 7) is **DENIED** as premature, and Plaintiffs' motion for extension of time to file a response (Docket No. 9) is **DENIED** as moot.

So **ORDERED** and **SIGNED** this **1st** day of **October, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE