**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

FILED
NOV 17 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

| | | |
|---|---|---|
| **FAHAMME NATION OF NATIONS TRUST, Grantor SHEIK TEHUTI, et al.,** | § | |
| Plaintiffs, | § | **JURY** Civil Action No. 6:26-cv-00319-JDK |
| v. | § | |
| **RENE GABRIEL ZARAZUA, et al.,** | § | |
| Defendants. | § | |

**PLAINTIFF SHEIK TEHUTI'S MOTION TO ALTER OR AMEND JUDGMENT AND REINSTATE CASE, OR IN THE ALTERNATIVE FOR RELIEF FROM JUDGMENT, AND FOR TIME TO RETAIN COUNSEL AND LEAVE TO AMEND**

TO THE HONORABLE JEREMY D. KERNODLE, UNITED STATES DISTRICT JUDGE:

Plaintiff Sheik Tehuti ("Movant"), appearing pro se in his individual capacity, files this Motion under Federal Rule of Civil Procedure 59(e) and, in the alternative, Rule 60(b)(1) and (6), and respectfully shows the Court as follows:

## I. INTRODUCTION

**1.**The Court dismissed this action because Plaintiff Fahamme Nation of Nations Trust (the "Trust") is not represented by a licensed attorney. Movant does not dispute that a trust must appear in federal court through licensed counsel. That defect, however, is curable. Controlling Fifth Circuit authority and Rule 17(a)(3) call for a reasonable opportunity to cure before an action is terminated, and Movant, as an heir of the W.M. Dawson Estate, holds claims of his own that he is entitled to prosecute personally under 28 U.S.C. § 1654.

**2.**Movant asks the Court to vacate the dismissal, reinstate the case, allow the Trust thirty (30) days to appear through licensed counsel, and grant Movant leave to file an amended complaint in his individual capacity within thirty (30) days.

**3.**Movant files this Motion in his own name only. He does not appear as counsel for the Trust or for any other party.

## II. BACKGROUND

**4.**This action concerns real property located at 15702 County Road 1315, Malakoff (Crossroads), Henderson County, Texas 75148, which belongs to the W.M. Dawson Estate. Movant is a grandson and heir of the W.M. Dawson Estate and is the Grantor and Trustee of the Trust.

**5.**The Complaint alleges that Defendants caused warranty deeds conveying interests in the property to be recorded in Henderson County from persons who are not heirs of W.M. Dawson, without a probate order, an affidavit of heirship, or the signature of any lawful heir.

**6.**Defendants were served on July 11, 2026. Defendants filed a Motion to Dismiss on September 15, 2026.

**7.**By September 24, 2026, Movant had located a licensed attorney who asked to review the filings in this case before agreeing to represent the Trust.

**8.**On September 28, 2026, Plaintiffs filed a Motion for Extension of Time of thirty (30) days to respond to Defendants' Motion to Dismiss and a Motion for Appointment of Counsel.

**9.**The Court thereafter dismissed the action on the ground that the Trust was not represented by licensed counsel. Movant's supporting Declaration is attached as Exhibit A.

## III. TIMELINESS AND STANDARD

**10.**This Motion is brought under Rule 59(e), which permits a motion to alter or amend a judgment filed no later than twenty-eight (28) days after entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion calls into question the correctness of a judgment and is the proper vehicle to correct a manifest error of law or fact. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

**11.**In the alternative, and to the extent this Motion is filed more than twenty-eight days after entry of judgment, Movant moves under Rule 60(b)(1) (mistake, inadvertence, or excusable neglect) and Rule 60(b)(6) (any other reason that justifies relief). The Motion is filed within a reasonable time and well within one year of the judgment. Fed. R. Civ. P. 60(c)(1). Rule 60(b) is to be liberally construed to do substantial justice. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–02 (5th Cir. 1981).

## IV. ARGUMENT

### A.The Trust's lack of counsel is curable, and the remedy is an opportunity to retain counsel, not termination of the action.

**12.**A trust, like a corporation, may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. Trowbridge*, 251 F.3d 157 (5th Cir. 2001) (unpublished table decision). Movant accepts that rule and seeks to comply with it.

**13.**The Fifth Circuit has held that the absence of counsel for an entity does not justify dismissing the entity's claims with prejudice. In *Memon v. Allied Domecq QSR*, 385 F.3d 871 (5th Cir. 2004) (per curiam), the district court dismissed a corporation's claims because its non-lawyer officer could not represent it. The Fifth Circuit reversed the dismissal with prejudice and remanded for further proceedings. *Id.* at 873–74.

**14.**The Trust acted with diligence. It identified a licensed attorney by September 24, 2026, and on September 28, 2026 it asked the Court for additional time and for appointment of counsel. Terminating the action before the Trust could secure counsel would forfeit claims concerning title to family real property and leave the challenged deeds of record unaddressed, a result *Memon* does not permit.

**B.Rule 17(a)(3) bars dismissal until the real party in interest has had a reasonable time to ratify, join, or be substituted.**

**15.**Rule 17(a)(3) provides that the Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. Fed. R. Civ. P. 17(a)(3).

**16.**Movant is a real party in interest as to his own inherited interest in the W.M. Dawson Estate property. He asks to join this action and ratify its prosecution in his individual capacity, and he asks that the Trust be allowed a reasonable time to appear through counsel.

**C.Movant may prosecute his own claims without counsel.**

**17.**Section 1654 provides that in all courts of the United States the parties may plead and conduct their own cases personally or by counsel. 28 U.S.C. § 1654. The right to proceed pro se extends to any case that is the litigant's "own." *Raskin ex rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283–85 (5th Cir. 2023).

**18.**Movant's interest as an heir in the W.M. Dawson Estate property, and the injury to that interest from the recording of deeds by non-heirs, belong to Movant personally. Those claims are his "own" within the meaning of § 1654, and he may prosecute them pro se.

**D.A pro se litigant must be given an opportunity to cure before dismissal.**

**19.**Generally, a district court errs in dismissing a pro se complaint without giving the plaintiff an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam). Courts ordinarily afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing with prejudice, unless the defects are incurable. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

**20.**Plaintiffs have not previously amended, and they have not pleaded their best case. If granted leave, Movant's amended complaint will: (a) name Movant as a plaintiff in his individual capacity as heir of the W.M. Dawson Estate; (b) present the Trust's claims only through licensed counsel; (c) set out each claim in a separate count with the specific facts supporting each element; and (d) state the basis for this Court's subject-matter jurisdiction over each claim.

**E.In the alternative, relief is warranted under Rule 60(b)(1) and (6).**

**21.**Plaintiffs' failure to have counsel appear for the Trust resulted from a lay misunderstanding of § 1654, not bad faith, and Plaintiffs moved promptly to obtain counsel. That is mistake or excusable neglect under Rule 60(b)(1). The circumstances also justify relief under Rule 60(b)(6).

**22.**The *Seven Elves* considerations favor relief: the case remains at the pleading stage; Defendants will suffer no unfair prejudice from adjudication on the merits; this Motion is timely; and the interest in deciding disputes over title to real property on their merits outweighs the interest in finality of a dismissal entered before counsel could appear. *Seven Elves*, 635 F.2d at 402.

**F.In the further alternative, any dismissal should be without prejudice.**

**23.**When dismissal of a pro se complaint is appropriate, it should generally be without prejudice to allow the plaintiff to file an amended complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the Court declines to reinstate the action, Movant asks that the judgment be amended to state that the dismissal is without prejudice.

## V. RELIEF REQUESTED

WHEREFORE, Movant Sheik Tehuti respectfully requests that the Court:

(1)vacate the Order of Dismissal and Final Judgment and reinstate Civil Action No. 6:26-cv-00319-JDK;

(2)allow the Fahamme Nation of Nations Trust thirty (30) days from the date of the Court's order to appear through licensed counsel;

(3)grant Movant leave to file an amended complaint in his individual capacity within thirty (30) days from the date of the Court's order;

(4)deem Defendants' Motion to Dismiss moot upon the filing of the amended complaint, or set a new deadline for Plaintiffs' response;

(5)in the alternative, amend the judgment to provide that the dismissal is without prejudice; and

(6)grant all other relief to which Movant is entitled.

Dated: November 9, 2026

Respectfully submitted,

Sheik Tehuti

**Sheik Tehuti, Pro Se**
Individually, and as heir of the W.M. Dawson Estate
P.O. Box 154
Malakoff, Texas 75148

Telephone: (310) 429-4837
Email: bushrabalkis@gmail.com

## CERTIFICATE OF CONFERENCE

Movant is a pro se litigant. Under Local Rule CV-7(i), a certificate of conference is not required of pro se litigants.

## CERTIFICATE OF SERVICE

I certify that on November 9, 2026, a true and correct copy of this Motion, Exhibit A, and the Proposed Order was served on all counsel of record for Defendants by first-class United States mail, postage prepaid, at the addresses listed on the Court's docket, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C).

**Sheik Tehuti**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **FAHAMME NATION OF NATIONS TRUST,** | § | |
| **Grantor SHEIK TEHUTI, et al.,** | § | |
| | § | |
| Plaintiffs, | § | **JURY** |
| | § | Civil Action No. 6:26-cv-00319-JDK |
| v. | § | |
| | § | |
| **RENE GABRIEL ZARAZUA, et al.,** | § | |
| | § | |
| Defendants. | | |

**DECLARATION OF SHEIK TEHUTI**
**IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT AND REINSTATE CASE**

I, Sheik Tehuti, declare as follows:

**1.**I am over eighteen years of age and competent to make this Declaration. The facts stated here are within my personal knowledge.

**2.**I am a grandson and heir of the W.M. Dawson Estate. I am the Grantor and Trustee of the Fahamme Nation of Nations Trust.

**3.**The real property at issue is located at 15702 County Road 1315, Malakoff (Crossroads), Henderson County, Texas 75148, and belongs to the W.M. Dawson Estate.

**4.**I am not a licensed attorney. When this action was filed, I did not understand that a trust may appear in federal court only through a licensed attorney.

**5.**Defendants were served on July 11, 2026, and filed a Motion to Dismiss on September 15, 2026.

**6.**By September 24, 2026, I had located a licensed attorney who asked to review the filings in this case before agreeing to represent the Trust.

**7.**On September 28, 2026, a Motion for Extension of Time and a Motion for Appointment of Counsel were filed in this case.

**8.**If the case is reinstated, I will have a licensed attorney appear for the Trust within thirty (30) days, and I will file an amended complaint asserting my own claims as an heir of the W.M. Dawson Estate within thirty (30) days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on November 9, 2026, in the State of Texas.

Sheik Tehuti
**Sheik Tehuti**