**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| FAHAMME NATION OF NATIONS TRUST, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-319-JDK |
| | § | |
| RENE ZARAZUA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING RULE 59(e) MOTION**

The Court dismissed this case without prejudice on November 2, 2026. Docket No. 11. Now before the Court is Plaintiff Sheik Tehuti's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or, in the alternative, for relief from judgment under Rule 60(b). Docket No. 12. The Court **DENIES** the motion.

The United States Supreme Court described the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following entry of judgment. . . . Consistent with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsiderations of matters properly encompassed in a decision on the merits.

*White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450–51 (1982) (citations omitted). Furthermore, "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v.*

*Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation modified). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.) (citation omitted), *cert. denied*, 543 U.S. 976 (2004), or to rehash arguments that have already been raised before a court, *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010).

Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

The Court is not persuaded by Tehuti's submission that it committed any error in dismissing this case. Tehuti argues that the case should be reinstated, that he should be given thirty days to "file an amended complaint in his individual capacity," and that Plaintiff Fahamme Nation of Nations Trust ("Fahamme") should be given thirty days to obtain counsel. Docket No. 12 at 1–2. But prior to dismissal, the Court gave Plaintiffs thirty days to obtain counsel and file an amended complaint and further warned Plaintiffs of dismissal if the Order was not complied with. *Id.* at 2.

Because Plaintiffs did not comply, the Court dismissed the case for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). Docket No. 11 at 1. Tehuti also requests that "the judgment be amended to state that the dismissal is without prejudice," Docket No. 12 at 6—but the order of dismissal states that the case was dismissed without prejudice, Docket No. 11 at 1. Accordingly, the Court finds no reason to alter the judgment in this case.

Finally, the Court previously "note[d] that several other courts have dismissed prior cases filed by Plaintiffs as frivolous and have warned Plaintiffs that further filings could lead to sanctions." Docket No. 10 at 2. The Court also warned Plaintiffs that "a pro se litigant cannot represent another person," *id.* at 1–2 (citing *Woods v. Wells Fargo Home Mortg.*, 2026 WL 885209, at *1 (N.D. Tex. Mar. 16, 2026), *report and recommendation adopted sub nom. Woods v. Wells Fargo Home Mortg., N.A.*, 2026 WL 885047 (N.D. Tex. Mar. 31, 2026)), and that "a non-attorney trustee may not represent a trust pro se," *id.* at 2 (quoting *Dillard Fam. Tr. v. Chase Home Fin., LLC*, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011)). Accordingly, the Court warns Plaintiffs that further frivolous filings in this case may result in sanctions.

Tehuti has failed to establish any basis for the extraordinary relief he now seeks. Tehuti's motion to alter or amend the judgment (Docket No. 12) is **DENIED**.

So **ORDERED** and **SIGNED** this **18th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE